# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JAMES DAVIS, JR., | CASE NO. 1:11-cv-01561-DLB PC |
| Plaintiff, | ORDER DISMISSING ACTION AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM |
| v. | |
| SHERIFF ARMENTA, et al., | (DOC. 1) |
| Defendants. | |

## Screening Order

### I. Background

Plaintiff Ronald James Davis, Jr., ("Plaintiff") is a prisoner in the custody of the Merced County Sheriff's Department, detained at John Latorraca Correctional Facility. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 15, 2011, Plaintiff filed his complaint. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary Of Complaint

Plaintiff is incarcerated at John Latorraca Correctional Facility in El Nido, California, where the events giving rise to this action occurred. Plaintiff names as Defendants sheriff Armenta, and worker John Doe.

Plaintiff alleges the following. On August 12, 2011, Plaintiff who was sleeping in a top bunk in his dorm, was awoken in the morning by the sound of a piece of paper being crumpled, ripped, and balled up. This piece of paper was the picture of Thompson submachine gun in black and white, on a 12 by 8 inch piece of paper. The paper was hung at the end of Plaintiff's bunk bed. The picture of the Thompson submachine gun is the picture of Plaintiff's god/goddess. Plaintiff saw Defendant Armenta crumple this picture and take it with him to the door. Plaintiff got down from his bunk bed and walked to the door and asked Defendant John Doe to ask Defendant Armenta return the picture, because it was a part of his case and religion. Defendant John Doe agreed to talk to Defendant Armenta. Defendant Armenta later returned, and Plaintiff explained that it was part of his religion. Defendant Armenta picked up the picture and handed it to Plaintiff and explained that he did not want that picture showing anywhere in the dorm.

Plaintiff requests as relief monetary damages in the amount of $ 999 trillion and 99 cents, and an order requiring no further harassment of Plaintiff.

//

//

2

### III.  **Analysis**

Plaintiff contends a violation of the practice of his religion.  The right to exercise religious practices and beliefs does not terminate at the prison door.  The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security."  *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir.1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342 (1987) ); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause.  *Shakur v. Schriro*, 514 F.3d 878, 884-885 (9th Cir.2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir.1994) ); *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir.1981) ).  Under this standard, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).

First, "there must be a valid, rational connection between the prison regulation and the legitimate government interest put forward to justify it," and "the governmental objective must itself be a legitimate and neutral one."  *Id*.  A second consideration is "whether there are alternative means of exercising the right that remain open to prison inmates."  *Id*. at 90 (internal quotations and citation omitted).  A third consideration is "the impact accommodation of the asserted right will have on guards and other inmates, and on the allocation of prison resources generally."  *Id*.  "Finally, the absence of ready alternatives is evidence of the reasonableness of a prison regulation."  *Id*.

Plaintiff fails to state a claim.  Plaintiff fails to allege facts which demonstrate that the exercise of his religion in hanging the picture has been impinged.  Additionally, based on Plaintiff's submitted Exhibit E, concerning Dorm and Cell rules, nothing is permitted to hang from bunks.  Thus, even if Plaintiff's exercise of religion has been impinged, it appears that the regulation serves a legitimate penological goal.

Plaintiff also fails to allege facts which link Defendant John Doe to any action that would have caused a violation of Plaintiff's constitutional rights.  *Johnson v. Duffy*, 588 F.2d 749, 743 (9th Cir. 1978) ("A person 'subjects' another to the deprivation of a constitutional right, within

the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.").[1]

Finally, this action is frivolous.  A complaint is "frivolous" within the meaning of § 1915(e)(2)(B)(i) only if it lacks an arguable basis in law or fact.  *Neitzke*, 490 U.S. at 325.  "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.* at 328.  "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar."  *Id.*  As later explained by the United States Supreme Court,

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," 490 U.S., at 327, 109 S.Ct., at 1833, a category encompassing allegations that are "fanciful," id., at 325, 109 S.Ct., at 1831, "fantastic," id., at 328, 109 S.Ct., at 1833, and "delusional," ibid.  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

*Denton v. Hernandez*, 504 U.S. 25, 32-33(1992).

Factually frivolous claims are defined as "clearly baseless," which includes "fanciful," "fantastic," and "delusional."  *Id.*  A finding of frivolousness thus requires the Court to conclude that Plaintiff's allegations were irrational or wholly incredible.

Plaintiff's religion includes the image of a Thompson machine gun as a deity.  Plaintiff includes a picture of a traced outline of hands, on which various nonsensical phrases are written.

---

[1] The Court notes that Plaintiff does not appear to have exhausted administrative remedies regarding his claim.  Attached to his complaint is Exhibit C, Plaintiff's inmate grievance form, which concerns this incident.  It is dated submitted August 12, 2011, the same day as the date of filing of this action.  Prisoners are required to exhaust administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a).

Plaintiff's claims regarding the exercise of his religion are fanciful and delusional.

## IV.    Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants. Plaintiff's allegations fail to state a claim and are frivolous.  Further leave to amend will not be granted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. This action is dismissed with prejudice for failure to state a claim upon which relief may be granted and as frivolous;
2. This dismissal is subject to the three strike provision of 28 U.S.C. § 1915(g); and
3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **June 25, 2012**              /s/ **Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE